**In the Interest of A.L.J.D., Minor Child, A.L.J.D., Appellant.**

No. 98–0471.

Court of Appeals of Iowa.

Jan. 27, 1999.

Richard Kallsen, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Chris Odell, Assistant Attorney General, and Dewey P. Sloan, Assistant County Attorney, for appellee-State.

Considered by SACKETT, C.J., and HUITINK, STREIT, VOGEL, and MAHAN, JJ.

MAHAN, J.

Andrew appeals from a juvenile court order modifying prior dispositional orders to a more restrictive placement at the State Training School for Boys in Eldora. Andrew contends there was insufficient proof to justify modifying the dispositional order. Andrew also argues there was insufficient proof to order placement at the State Training School. We affirm.

Andrew, born September 18, 1981, is a seventeen-year-old boy with a history of behavioral problems. Although Andrew's parents are married, the marriage is troubled and Andrew's parents have been unable to positively influence and control Andrew's behavior. Andrew's father has a history of domestic violence; both parents have substance abuse problems. Andrew's mother has not been supportive of Andrew and has created dissention in the family through fighting with family members and leaving the home intermittently. At the time of the hearing, Andrew's mother reportedly had

been recently institutionalized due to a suicide attempt, as well as having been in and out of jail. Andrew's father is reportedly stable but his work schedule prevents him from providing appropriate supervision for Andrew.

Andrew's first contact with the police was for reckless use of fire at age five. Since then Andrew has had repeated contact with the police due to his involvement in thefts, criminal mischief, burglaries, and possession of illegal substances.

In March 1996, Andrew admitted to having committed two delinquent acts of fifth-degree criminal mischief and assault resulting in injury. These charges stemmed from incidents which involved damaging a pick-up truck, painting gang-related graffiti on a public library building, and punching another person several times in the face without provocation. The dispositional order placed Andrew in a residential/day treatment program and ordered him to perform forty hours of community service.

Andrew successfully completed the Boys and Girls Day Treatment Program in October 1996 and returned home. However, Andrew completed only twenty-five hours of his community service. Andrew was absent eleven times, suspended from the crew three times, assaulted another child at the community service site, and was finally terminated from the program in February 1997.

In March 1997, Andrew had additional police contact which resulted in citations for criminal gang activity, serious assault, and fourth-degree criminal mischief. Andrew's dispositional order was subsequently modified to place him in the Family Empowerment Program and on the Bracelet Monitoring Program.

By August 1997, Andrew was once again in contact with police. This time, Andrew was taken into custody after allegedly smashing car windows with a tire iron, assaulting an occupant of one of the cars, and violating his curfew. Following this incident, Andrew was placed at the Sky Ranch for Boys. Charges were brought based on this incident and Andrew admitted in November 1997 to having committed the delinquent act of second-degree criminal mischief. At that time, Andrew's placement at Sky Ranch was continued.

A modification hearing was held in March 1998. The evidence presented in support of the State's motion to modify previous dispositional orders included two police incident reports. These reports indicated that while home for Christmas in December 1997, Andrew violated his curfew and was found associating with two known gang members who were suspects in a terrorism incident. The vehicle occupied by the two suspects and Andrew was stopped less than one hour after the terrorism incident occurred. Tyler Bickerdyke, Andrew's case manager at Sky Ranch, testified Andrew had made minimal progress during his five months at Sky Ranch, although he believed Andrew had not reached maximum benefits. In his discharge summary, Bickerdyke indicated Andrew still had many issues he needed to address and recommended Andrew continue to be placed in a highly-structured environment.

Dick Edwards, the juvenile court officer assigned to Andrew through the FEP, testified Andrew had already been at Sky Ranch longer than would ordinarily be funded as an FEP participant. Edwards also stated even if there was funding to continue Andrew's placement at Sky Ranch, he felt placement at the State Training School was in Andrew's best interest because Andrew was not successful at Sky Ranch.

The dispositional order was modified to place Andrew at the State Training School until he either reaches maximum benefits or the staff feels it is in Andrew's best interest to be released.

**I. STANDARD OF REVIEW.** Juvenile matters are reviewed de novo. *In re N.W.E.*, 564 N.W.2d 451, 453 (Iowa App. 1997). We give weight to the fact findings of the district court but we are not bound by them. Iowa R.App. P. 14(f)(7); *id.*

**II. MODIFICATION OF THE DISPOSITIONAL ORDER.** Andrew argues the dispositional order should not have been modified. Andrew asserts the juvenile court cannot consider events prior to the last previous modification of the dispositional order to

justify a subsequent modification. In other words, Andrew insists the juvenile court may only consider incidents which occurred between his September 1997 placement at Sky Ranch and the modification hearing in March 1998. Thus, excluding all of the evidence except for the police contact during his Christmas visit at home and his lack of progress at Sky Ranch, Andrew contends there is no clear and convincing evidence of a substantial and material change to justify the modification. We disagree.

First of all, Andrew is confused concerning the standard of proof which applies in a hearing involving modification of a previous dispositional order in a delinquency case. Dispositional modifications in a delinquency case are governed by Iowa Code section 232.54, which provides in part:

> 5. With respect to a dispositional order made pursuant to section 232.52, subsection 2, paragraphs "d" and "e", the court may, after notice and a hearing at which *there is presented clear and convincing evidence to support such an action,* either grant or deny a motion by a county attorney or by a person or agency to whom custody has been transferred, to modify an order by imposing more restrictive conditions or to vacate the order and substitute a more restrictive order.

Iowa Code § 232.54 (emphasis added). Andrew claims the juvenile court is bound by a standard of proof requiring not only clear and convincing evidence but a showing of a material and substantial change in circumstances. Thus, Andrew confuses the standard used in child custody cases and CINA actions with the standard used in a dispositional modification in a juvenile delinquency case. *See In re Leehey,* 317 N.W.2d 513, 516 (Iowa App.1982).

Second, we find the evidence of the incidents which occurred between the September 1997 placement at Sky Ranch and the March 1998 modification hearing provide clear and convincing evidence to support the modification. Therefore, we find it unnecessary to review Andrew's assertion the juvenile court should not have considered any incidents outside of this time frame. Any such consideration in this case was certainly without prejudice. Andrew violated his curfew and was found associating with known gang members in December of 1997. In addition, his progress at Sky Ranch was minimal and he failed to reach maximum benefits. The case manager at Sky Ranch recognized the need for placement in a highly-structured environment. Juvenile Court Officer Edwards specifically recommended training school.

■ Andrew has a documented history of committing assault, causing property damage, and participating in dangerous gang-related behavior. Andrew cannot return home; he needs a highly-structured environment in order to keep his behavior under control. However, Andrew has made little, if any, progress during his time at Sky Ranch. Therefore, we find there is clear and convincing evidence that *currently existing circumstances support modification of the dispositional order to place Andrew at the State Training School.*

**III. PLACEMENT AT THE STATE TRAINING SCHOOL.** Andrew contends placement at the State Training School, rather than at Sky Ranch, is not in his best interest because the placement was based solely on a budget decision. We disagree.

■ Andrew elicited testimony at the hearing that he was being discharged from Sky Ranch because his funding had run out. As noted above, we find there is clear and convincing evidence supporting modification of the dispositional order. Additionally, Andrew is not entitled to a placement at Sky Ranch even though it would be a less-restrictive placement. *In re B.B.,* 516 N.W.2d 874, 878 (Iowa 1994). In determining the least restrictive disposition appropriate under the circumstances, the juvenile court may only consider facilities which have a bed available and in which the child can legally be placed. *Id.* The evidence shows FEP participants are limited to a ninety-day residential placement in a facility like Sky Ranch. Andrew has exhausted his funding and is no longer eligible to remain in a residential placement, such as Sky Ranch, under the FEP, nor is he entitled to do so. *See id.* We find this argument to be without merit.

It is undisputed Andrew cannot return home. Therefore, the only appropriate and available option is placement at the State Training School. A child may be placed in the State Training School only if the statutory conditions are met. Iowa Code § 232.52(2)(e). Therefore, Andrew could not be placed at the State Training School based solely on a budget decision; Andrew could properly be placed at the State Training School only if:

> [T]he court finds any three of the following conditions exist:
>
> (1) The child is at least fifteen years of age and the court finds the placement to be in the best interests of the child or necessary to the protection of the public.
>
> . . . .
>
> (3) The child has previously been found to have committed a delinquent act.
>
> (4) The child has previously been placed in a treatment facility outside the child's home.

*Id.*

Three of the statutory criteria exist; therefore, Andrew could properly be placed at the State Training School. We find placement at the State Training School to be in Andrew's best interests.

For these reasons, we affirm the modification of the dispositional order placing Andrew at the State Training School for Boys at Eldora.

**AFFIRMED.**

ZIMMER, J., takes no part.